UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
——————————————————————x

CHARLES EQUIPMENT ENERGY SYSTEMS, LLC,

Plaintiff,

No. 22-CV-02716-CM

v.

INNIO WAUKESHA GAS ENGINES, INC. and
DRESSER, INC. a wholly owned subsidiary of
General Electric Company d/b/a Waukesha

Defendants.

——————————————————————x

**MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO
DISMISS AND DENYING MOTION FOR LEAVE TO AMEND**

McMahon, J.:

Charles Equipment Energy Systems, LLC ("Plaintiff" or "Charles") purchased engine parts manufactured by Waukesha. (Dkt. No. 22, at 2). Waukesha is a brand name of a manufacturer of engines and engine parts. (Dkt. No. 3 ("Compl."), ¶7). Defendant Dresser, Inc. owned Waukesha until it sold the brand to Defendant INNIO in November, 2018 (collectively referred to as "Defendants" or "Waukesha"). (*Id.* at ¶¶9-12).

The Waukesha parts sold to Plaintiff were covered by a warranty. (*Id.* at ¶18). After Plaintiff installed the parts in an engine, the engine promptly failed. (*Id.* at ¶¶20-23). Plaintiff filed a warranty claim, which Defendants denied. (*Id.* at ¶¶34-36). Plaintiff alleges the denial was without reason. (*Id.* at ¶¶ 38-45). Plaintiff further alleges that Waukesha represented that it would further investigate the claim, but it did not do so. (*Id.* at ¶¶48-51).

engine parts from Waukesha on November 17, 2016. (*Id.* at ¶17). The order went through a third-party distributor, Kraft Power Corporation ("Kraft"). (*Id.* at ¶19). The parts were covered by a warranty. (*Id.* at ¶18).

Plaintiff installed the Waukesha parts into an engine, and started the engine on December 12, 2016. (*Id.* at ¶¶20, 22). The engine promptly failed, and Plaintiff determined that the source of the failure was the Waukesha parts. (*Id.* at ¶¶23-24). As a result, on December 18, 2017, Kraft submitted a claim under the warranty on Plaintiff's behalf. (*Id.* at ¶34).

On January 11, 2018, Waukesha denied the warranty claim, alleging that it was filed 36 weeks late and did not include invoices from the original purchase. (*Id.* at ¶¶35-36). Plaintiff denies that either allegation was true. (*Id.* at ¶¶38-45). Plaintiff was never reimbursed; it claims about one hundred thousand dollars in damages. (*Id.* at ¶45).

Kraft continued to communicate with representatives from Waukesha regarding the warranty claim, resulting in an email from Waukesha on June 26, 2018. (*Id.* at ¶46). In the email, a Waukesha employee stated that, by looking at the parts and information about the engine, Waukesha could analyze the parts to further investigate the warranty claim. (*Id.* at ¶48). The email stated that, if the parts were available, Waukesha would look and see when it could fit an investigation into its schedule. (*Id.*). Plaintiff claims it saved the parts and provided all relevant information to Waukesha--or at least "stood ready" to provide the information--but Waukesha never followed through, despite Plaintiff's attempting to follow up. (*Id.* at ¶¶49-50). Plaintiff alleges that Waukesha never intended to respond or investigate further, and was intentionally deceiving Plaintiff. (*Id.* at ¶¶51, 64).

*Mabry v. Neighborhood Def. Serv.*, 769 F. Supp.2d 381, 389 (S.D.N.Y. 2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 at 678.

In deciding a motion to dismiss pursuant to Rule 12(b)(6), "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 664. A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 677-78 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A plaintiff's obligation . . . requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Unless the well-pleaded allegations have "nudged [plaintiff's] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* at 570.

## DISCUSSION

### I. Defendant INNIO Waukesha Gas Engine, Inc.'s Motion to Dismiss is Granted.

#### A. Plaintiff's Breach of Contract Claim is Time Barred.

Plaintiff alleges a breach of contract claim, arising from Waukesha's warranty. (Compl., ¶¶52-55). The warranty is governed by New York law (Dkt. No. 3-1, at 7-8), so the statute of limitations for bringing a breach of warranty claim comes from the New York Uniform Commercial Code ("UCC") § 2-725, which applies to breaches of contracts for sale. The UCC establishes a four-year statute of limitations, and states that a cause of action for a breach of warranty occurs when the delivery of the product in question is made, or, if the warranty extends to future performance, when the breach is or should have been discovered. N.Y. U.C.C. § 2-

5

The complaint specifies the allegedly fraudulent misrepresentation of fact as Waukesha's alleged promise to investigate the situation further. (Compl., ¶¶46-51). However, the facts pleaded in the complaint do not establish that there was a promise at all. Waukesha never made any guarantee that it would do anything in response to Plaintiff's inquiry. The email at issue said "If all the parts are available to do the investigation [Defendant] can look at our lead times in our materials lab and see when we could fit it in." (*Id.*, ¶48). This is a conditional statement that does not promise to do anything at all. Defendant merely stated that *if* the parts were available then Defendant would see *if* it had time to investigate. There was no promise that such an investigation would actually take place, so the complaint does not demonstrate that Defendant engaged in any material misrepresentation or omission of fact.

Furthermore, Plaintiff's complaint is deficient when it attempts to plead that Plaintiff reasonably relied on Waukesha's statement about further investigation. (*Id.*, ¶¶66-67). Plaintiff does not plead any facts that indicate how it actually relied on the statement whatsoever. (*Id.*). In fact, the complaint makes clear that Plaintiff did not rely on Defendant's email. Plaintiff pleads that it "saved the Parts and had provided all relevant information to Waukesha, or stood ready to provide that information." (*Id.*, ¶49). Thus, Plaintiff does not plead that it ever told Waukesha it had the parts or that it responded to the email by saying "when should we ship?" In fact, Plaintiff does not plead that it responded to the email at all, just that there was "follow up," without specifying what that follow up was. (*Id.*, ¶50). On the facts pleaded, the ball was in Plaintiff's court, and Plaintiff did not take action to rely on the perceived promise.

Even if Plaintiff were justified in waiting for Waukesha to set a date of shipment, it could "reasonably" have waited only so long. Instead, Plaintiff sat on its claim for over three years

9

**II. Defendant Dresser, Inc.'s Motion to Dismiss is Granted.**

For the same reasons, Plaintiff's complaint against Dresser is dismissed. Plaintiff's claims for breach of contract and violation of the duty of good faith and fair dealing are time barred. (*See supra* at page 6-8). The complaint is insufficient to plead fraud, and allowing Plaintiff to amend its complaint would be futile. (*See supra* at page 7-11).

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED. The complaint is dismissed in its entirety.

This constitutes the decision and order of the court. This is a written decision.

Dated:
10/24/2022

_____
U.S.D.J.

BY ECF TO ALL COUNSEL