UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHARLES EQUIPMENT ENERGY SYSTEMS, LLC,<br><br>Plaintiff,<br><br>v.<br><br><br>INNIO WAUKESHA GAS ENGINES, INC. and DRESSER, INC., a wholly owned subsidiary of General Electric Company d/b/a Waukesha,<br><br>Defendants. | Case No. 1:22-cv-02716-CM |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
INNIO WAUKESHA GAS ENGINES, INC.' S MOTION FOR
SANCTIONS UNDER FEDERAL RUE OF CIVIL PROCEDURE 11(c)**

DENTONS US LLP
1221 Avenue of the Americas
New York, NY  10020-1089
Telephone:  (212) 768-6700
Facsimile:   (212) 768-6800

*Attorney for Defendant INNIO Waukesha Gas Engines, Inc.*

# TABLE OF CONTENTS

|   | Page |
|---|---|
| PRELIMINARY STATEMENT | 1 |
| STATEMENT OF FACTS | 2 |
| THE GOVERNING LEGAL STANDARD | 3 |
| ARGUMENT | 4 |
|     I. SANCTIONS ARE WARRANTED FOR PLAINTIFF'S FIRST AND SECOND CAUSES OF ACTION. | 4 |
|     II. SANCTIONS ARE WARRANTED FOR PLAINTIFF'S FRAUD CLAIM (THIRD CAUSE OF ACTION) | 7 |
| CONCLUSION | 10 |

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AJ Energy LLC v. Woori Bank*,
   829 F. App'x 533 (2d Cir. 2020) ....................................................................................... 9

*In re Australia & New Zealand Banking Grp. Ltd. Secs. Lit.*,
   712 F. Supp. 2d 255 (S.D.N.Y. 2010) ................................................................................ 8

*Brubaker v. City of Richmond*,
   943 F.2d 1363 (4th Cir. 1991) ............................................................................................ 6

*Carousel Foods of Am., Inc. v. Abrams & Co., Inc.*,
   423 F. Supp. 2d 119 (S.D.N.Y. 2006) (McMahon, J.) ...................................................... 9

*de la Fuente v. DCI Telecommunications, Inc.*,
   259 F. Supp. 2d 250 (S.D.N.Y. 2003) (McMahon, J.), *aff'd*, 82 Fed. Appx.
   723 (2d Cir. 2003) ........................................................................................................ 1, 6

*Friedler v. Equitable Life Assur. Soc'y of U.S.*,
   86 Fed. Appx. 50 (6th Cir. 2003) ....................................................................................... 6

*In re Koper*, Case No. 8-13-74213-las, 2020 WL 5075549,
   (Bankr. E.D.N.Y. Aug. 25, 2020) ...................................................................................... 1

*Ipcon Collections LLC v. Costco Wholesale Corp.*,
   698 F.3d 58 (2d Cir. 2012) ................................................................................................. 4

*Jackson v. Hall Cnty. Gov't*,
   568 Fed. Appx. 676 (11th Cir. 2014) ................................................................................. 6

*LCS Grp., LLC v. Shire LLC*,
   Case No. 18-CV-2688, 2019 WL 1234848 (S.D.N.Y. Mar. 8, 2019) ................................ 9

*Norris v. Grosvenor Marketing Ltd.*,
   803 F.2d 1281 (2d Cir. 1986) ............................................................................................. 6

*Perry St. Software, Inc. v. Jedi Techs., Inc.*,
   Case No. 20-cv-04539, 2020 WL 6064158 (S.D.N.Y. Oct. 14, 2020)
   (McMahon, J.) .................................................................................................................... 4

*Salvini v. ADVFN PLC*, Case No. 13-CV-7082-ER, 2016 WL 1703414,
   (S.D.N.Y. Apr. 27, 2016) ................................................................................................... 1

*Stat. Phone Philly v. NYNEX Corp.*,
   116 F. Supp. 2d 468 (S.D.N.Y. 2000) ................................................................................ 5

**Statutes**

Federal Rules of Civil Procedure
    Rule 11 .................................................................................................................. *passim*
    Rule 11(b) ......................................................................................................................3
    Rule 11(b)(2)..................................................................................................................6
    Rule 11(b)(3)..................................................................................................................7
    11(c) ...............................................................................................................................1
    11(c)(4) ........................................................................................................................10

Defendant INNIO Waukesha Gas Engines, Inc. ("Waukesha") respectfully submits this memorandum in support of its motion for sanctions against Plaintiff's counsel, Lijue T. Philip, Benjamin E. Gordon and their law firm Stradley Ronon Stevens & Young, LLP, under Federal Rule of Civil Procedure 11(c).

**Preliminary Statement**

Plaintiff Charles Equipment Energy Systems, LLC's ("Plaintiff's") and its counsel's frivolous and time-barred Complaint against Waukesha was an ill-fated attempt to collect on an expired warranty and strong-arm Waukesha into paying for alleged promises that it never made.

In dismissing Plaintiff's Complaint (Dkt. No. 3) in its entirety,[1] this Court held that the statute of limitations for Plaintiff's breach of contract and violation of the duty of good faith and fair dealing claims had expired long ago and that Plaintiff failed to allege any facts that would allow the tolling of this limitations period. (Memorandum Decision and Order Granting Defendant's Motion to Dismiss and Denying Motion for Leave to Amend, Dkt. No. 29-1 ("Order") at 5-8). Further, the Court dismissed Plaintiff's claim for fraud after finding that it

---

[1] "'[I]t is well established that a federal court may consider collateral issues after an action is no longer pending . . . [l]ike the imposition of costs, attorney's fees, and contempt sanctions, the imposition of a Rule 11 sanction is not a judgment on the merits of an action . . . Such a determination may be made after the principal suit has been terminated.'" *de la Fuente v. DCI Telecommunications, Inc.*, 259 F. Supp. 2d 250, 257 (S.D.N.Y. 2003) (McMahon, J.), *aff'd*, 82 Fed. Appx. 723 (2d Cir. 2003) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990)). "[I]n the Second Circuit, 'there is no requirement that a moving party *file* a sanctions motion at a specific time, so long as the motion is served on the nonmoving party twenty-one days prior to filing the motion and the final judgment by the Court.'" *In re Koper*, Case No. 8-13-74213-las, 2020 WL 5075549, at *10 (Bankr. E.D.N.Y. Aug. 25, 2020) (quoting *Salvini v. ADVFN PLC*, Case No. 13-CV-7082-ER, 2016 WL 1703414, at *2 (S.D.N.Y. Apr. 27, 2016)) (emphasis in the original). "Therefore, a Rule motion is timely even if filed post-judgment so long as the opposing party received the requisite notice at least 21 days prior to the court's ruling on the challenged pleading." *Id.* Here, Waukesha served its notice of motion for sanctions on Plaintiff's counsel on May 6, 2022, therefore giving Plaintiff the requisite notice prior to the Court's dismissal of Plaintiff's Complaint.

failed to state that Waukesha made any sort of promise—let alone a material misrepresentation—to Plaintiff. (*Id.* at 9.) Plaintiff's allegations also showed that Plaintiff "did not take action" to rely on Waukesha's alleged promised—much less action that could serve as *reasonable* reliance to support a viable claim for fraud. (*Id.*) In denying Plaintiff's motion for leave to amend, this Court wrote that any such attempt would be "futile" due to the bar posed to the contract-based claims by the statute of limitations and the fatal flaws in its fraud claim that "[n]o amended pleading can cure." (*Id.* at 10.)

Despite being given the requisite safe harbor notices under Rule 11, Plaintiff's counsel refused to withdraw the action and forced Waukesha to defend against its claims. It is only just that counsel should now be sanctioned for their frivolous, unfounded and vexatious pleading.

## Statement of Facts

Plaintiff served its Complaint on Waukesha on April 1, 2022. On May 6, 2022, Waukesha sent Plaintiff's counsel its Rule 11 "safe harbor" letter demanding that Plaintiff withdraw the Complaint. (Declaration of Anthony B. Ullman ("Ullman Decl."), ¶¶ 2-3, Ex. A.) Rather than withdrawing the Complaint, counsel ignored Waukesha's demand and failed even to respond to the letter. (*Id.*, ¶ 4.)

With no communication from Plaintiff's counsel, Waukesha was forced to file a motion to dismiss the Complaint, which it did on June 2, 2022. In its motion, Waukesha expanded on much of the same analysis in its safe harbor letter to Plaintiff's counsel. (Dkt. No. 22.) Specifically, Waukesha explained again that (1) both Plaintiff's breach of contract claim and violation of the duty of good faith and fair dealing claim had expired, at the latest, by December 12, 2020, over a year before this action was commenced, (2) Plaintiff's claim for breach of the implied duty of good faith and fair dealing independently failed to state a claim and (3) Plaintiff utterly failed to state a claim for fraud because, *inter alia*, it did not allege that Waukesha made

2

an actionable promise or that Plaintiff took any action to rely on Waukesha's alleged representations. (*Id.* at 3-16.)

On July 1, 2022, Plaintiff filed its memorandum of law in opposition to Waukesha's motion to dismiss. (Dkt. No. 25.) Plaintiff did "not contest that the statute of limitations would normally have expired on its breach of contract claim," but instead argued, for the very first time, that "the doctrine of equitable estoppel prevents the expiration of the statute of limitations." (Order at 6.) Plaintiff also did not contest that the limitations period on its claim for breach of the implied duty of good faith and fair dealing had expired, but instead merely argued (baselessly) that it could make such a claim in the alternative to its breach of contract claim. (Dkt. No. 25 at 4-5.) Finally, Plaintiff did not contest that it failed to plead facts alleging fraud with any specificity, but instead argued that the Court should simply accept as true its conclusory allegations that Waukesha somehow made a promise and that Plaintiff relied on that promise. (*Id.* at 6.) Plaintiff further argued that, if this Court did not agree, it "should be allowed an opportunity to re-plead and bolster this claim to address the purported technical failings . . . ." (*Id.* at 7.)

Following Waukesha's submission of its reply memorandum (Dkt. No. 27) on July 15, 2022, this Court summarily dismissed the Complaint in its entirety and found that any attempt to amend would be futile. (Order at 1-11.)

### **The Governing Legal Standard**

Waukesha moves for the imposition of sanctions against Plaintiff's counsel pursuant to Fed. R. Civ. P. Rule 11.

Rule 11(b) of the Federal Rules of Civil Procedure sets forth the standard for imposing sanctions, providing, in relevant part, that:

3

> By presenting to the court a pleading, written motion, or other paper . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose . . . ;
>
> (2) the claims . . . and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversing of existing law or for establishing new law; [and]
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

*See Ipcon Collections LLC v. Costco Wholesale Corp.*, 698 F.3d 58, 63 (2d Cir. 2012) (sanctions may be imposed "when claims are not supported by existing law, lack evidentiary support, or are otherwise frivolous."). Attorneys have an "*affirmative duty* to conduct a reasonable inquiry into the facts and the law before filing[.]" *Perry St. Software, Inc. v. Jedi Techs., Inc.*, Case No. 20-cv-04539, 2020 WL 6064158, at *6 (S.D.N.Y. Oct. 14, 2020) (McMahon, J.) (internal ellipsis omitted) (emphasis added) (quoting *Bus. Guides, Inc. v. Chromatic Comm'ns Enters., Inc.*, 498 U.S. 533, 551 (1991)).

## Argument

### I. SANCTIONS ARE WARRANTED FOR PLAINTIFF'S CONTRACT-BASED CLAIMS (FIRST AND SECOND CAUSES OF ACTION).

Plaintiff's counsel here should be sanctioned because they filed a Complaint with two claims that were clearly time-barred, including (1) Plaintiff's breach of contract claim and (2) Plaintiff's claim for the violation of the duty of good faith and fair dealing.

As this Court has noted, Plaintiff did not contest that the applicable 4-year limitations period for its contract claim expired by, at the latest, December 12, 2020, following its December 12, 2016 discovery of the parts' alleged failure giving rise to its claim. (Order at 6).

Notwithstanding, Plaintiff argued that the statute of limitations should somehow not apply because it unilaterally decided to refrain from suing Waukesha to try to negotiate a resolution of its claims. (*Id.* at 7.)

That argument was baseless on the face of the Complaint, including the Exhibits thereto, and Plaintiff's own briefing. For equitable estoppel to apply, Plaintiff would have to have proved that Waukesha wrongfully concealed the facts that would have allowed Plaintiff to discover the nature of its claim within the limitations period. (Order at 6); *Stat. Phone Philly v. NYNEX Corp.*, 116 F. Supp. 2d 468, 482 (S.D.N.Y. 2000) (quoting *Butala v. Agashiwala*, 916 F. Supp. 314, 319 (S.D.N.Y. 1996)). Yet, Plaintiff admitted in its Complaint and memorandum of law in opposition to Waukesha's motion that it was "negotiating the warranty claim" with Waukesha by 2018. (Compl., ¶ 48; Dkt. No. 25 at 4; Order at 7.) As the Court emphasized in its Order, an employee of Plaintiff asked his counterpart from the third party that sold him the parts in question, "Chris – should I be contacting our lawyers?" on January 11, 2018. (Order at 7.) Thus, Plaintiff admitted, and the exhibits that Plaintiff submitted with its Complaint dispositively showed, that Plaintiff was fully aware of its claim well before it became time-barred. Accordingly, "[t]here [was] simply no basis to claim an estoppel here," and the 4-year statute of limitations barred applied its claim for breach of contract (Order at 7).

And, for reasons unknown, on Plaintiff's second claim—for violation of the implied duty of good faith and fair dealing—Plaintiff did not even address Waukesha's showing that the limitations period for this claim also had expired. (Dkt. No. 25 at 4-5.) Instead, Plaintiff argued only that it should be allowed to plead this claim in the alternative. (*Id.*) Because, even if pled "in the alternative," the claim was time-barred, this argument was meaningless.

Plaintiff's counsel's decision to plead and maintain each of these claims can be explained only as follows: either (1) counsel failed to reasonably inquire about the statute of limitations period for these claims and the legal requirements for equitable tolling to apply, even after Waukesha had put Plaintiff's on clear notice of the limitations issue in its safe harbor letter; or (2) counsel was aware that the claims were time-barred, but nevertheless filed them and made uncolorable arguments to maintain them for the improper purpose of harassing Waukesha or otherwise raising the costs of litigation in order to try to extract a settlement payment from Waukesha. Waukesha put Plaintiff's counsel on notice that such pleading practices can and will not be tolerated, yet they took zero corrective action and instead dug in to their meritless claims. This Court has previously awarded sanctions for such behavior, and sanctions are similarly warranted here. *See de la Fuente*, 259 F. Supp. 2d at 262, 273 (finding that counsel violated Rule 11(b)(2) by bringing and making frivolous argument against dismissal of time-barred claims and that "no competent attorney could have believed that it was appropriate to bring these . . . claims") (citing *Norris v. Grosvenor Marketing Ltd.*, 803 F.2d 1281, 1288 (2d Cir. 1986) (remanding to district court for sanctions when it was patently clear that the claims were time barred and no competent attorney could have determined that claims were justified by existing law or nonfrivolous arguments)); *see also Jackson v. Hall Cnty. Gov't*, 568 Fed. Appx. 676, 679 (11th Cir. 2014) (finding a district court did not abuse its discretion by sanctioning an attorney for filing a time-barred when the attorney's tolling argument was "clearly foreclosed by . . . existing case law").[2]

---

[2] *Accord*, *Friedler v. Equitable Life Assur. Soc'y of U.S.*, 86 Fed. Appx. 50, 56 (6th Cir. 2003) (finding that a district court did not err in awarding sanctions against counsel that filed time-barred claims; "[a] reasonable attorney would have researched the applicable statute-of-limitations period . . . prior to filing a complaint. Even if the research of . . . counsel had failed to alert him to the fact that his claim was time-barred, [he] has been on notice of incurable defect

While sanctions are properly imposed based solely on the above, Plaintiff's second cause of action, for breach of the implied duty of good faith and fair dealing, additionally was legally baseless because New York law does not recognize a separate cause of action for breach of the implied duty when a breach of contract claim, based upon the same facts, is also pled. (*See* Dkt. No. 22 at 5-6; Dkt. No. 27 at 5-7.) While the Court, in dismissing the second claim on statute of limitations grounds, did not reach its merits, it was, for this reasons, substantively frivolous as well.

## II. SANCTIONS ARE WARRANTED FOR PLAINTIFF'S FRAUD CLAIM (THIRD CAUSE OF ACTION).

Sanctions under Rule 11 also are appropriate based on the fraud claim, for the following reasons.

First, the Complaint contained allegations on key issues that lacked any factual or evidentiary basis, in specific violation of Rule 11(b)(3). Chief among them was Plaintiff's claim – repeated in its briefing – that Waukesha made a misrepresentation by promising in 2018 to investigate the nature of Plaintiff's warranty claims – the linchpin of its fraud claim. (Compl., ¶¶ 46-51; Dkt. No. 25 at 6.) As the Court explained, "the facts pleaded in the complaint do not establish that there was a promise at all." (Order at 9.) Contrary to Plaintiff's claim, Plaintiff's allegations and the Complaint's attached exhibit evidence that Waukesha stated: "If all the parts are available to do the investigation [Waukesha] can look at our lead times in our materials lab

---

in his complaint . . . but he has persisted in this litigation."); *Brubaker v. City of Richmond*, 943 F.2d 1363, 1385 (4th Cir. 1991) ("Where an attorney knows that a claim is time-barred and has no intention of seeking reversal of existing precedent, as here, he makes a claim groundless in law and is subject to Rule 11 sanctions.").

and see when we could fit it in." (Compl., ¶ 48.) "This is a conditional statement that does not promise to do anything at all" and "does not demonstrate that Defendant engaged in any material misrepresentation or omission of fact." (Order at 9.)

Also, as to the fraud element of reasonable reliance, the Complaint alleged, without qualification, that Plaintiff "did, in fact, rely" on the alleged misrepresentation. (Compl., ¶ 66.) However, as Waukesha had pointed out in its safe harbor letter and this Court found, the Complaint actually "makes clear that Plaintiff did not rely on [Waukesha]'s email." (Order at 9.) "In fact, Plaintiff does not plead that it responded to the email at all, just that there was 'follow up,' without specifying what that follow up was." (*Id.*) Even if Plaintiff could somehow describe what that "follow up" was, the fact that it "sat on its claim for over three years after the email correspondence" reveals that Plaintiff's conduct was "not reasonable behavior." (*Id.* at 9-10.) In this regard, in their opposition brief, while Plaintiff's counsel expressly noted reasonable reliance as an element of fraud, they did not even attempt to argue that it had been adequately pled (Dkt. No. 25 at 5-7) – yet continued to press the fraud claim nonetheless.

It is not clear whether Plaintiff and its counsel thought that they could hoodwink the Court into accepting its claim for "fraud" or understood that the above factual allegations not only lacked evidentiary support but were fatally refuted by the Complaint itself and simply did not care. In either case, sanctions are warranted.

Sanctions are properly imposed where "a material allegation central to the viability of the entire plead" was "utterly lacking in support." *See In re Australia & New Zealand Banking Grp. Ltd. Secs. Lit.*, 712 F. Supp. 2d 255, 264 (S.D.N.Y. 2010). In those circumstances, "any reasonable inquiry into the factual basis of pleading would have prevented this mistake," and "[s]uch indifference . . . is the sort of conduct that Rule 11 . . . seek[s] to deter." *Id.* at 262, 264.

Thus, the Second Circuit has affirmed sanctions where the complaint contained "implausible allegations" and "attached exhibits . . . that were rife with internal inconsistencies" that caused a claim to fail. *See AJ Energy LLC v. Woori Bank*, 829 F. App'x 533, 534 (2d Cir. 2020); *see also Carousel Foods of Am., Inc. v. Abrams & Co., Inc.*, 423 F. Supp. 2d 119, 123 (S.D.N.Y. 2006) (McMahon, J.) (awarding Rule 11 sanctions where plaintiff's counsel's "simple inquiry" into the facts would have revealed that its claim had no basis); *LCS Grp., LLC v. Shire LLC*, Case No. 18-CV-2688, 2019 WL 1234848, at *16 n.14 (S.D.N.Y. Mar. 8, 2019) (awarding sanctions for, among other things, "failing to perform pre-litigation research").

Here, too, Plaintiff and its counsel have crossed the line of merely failing to state a claim for fraud, instead presenting factually meritless and uncolorable allegations that any reasonable inquiry would have uncovered as such, thereby wasting the valuable resources and time of this Court and Waukesha. Because Plaintiff and its counsel have engaged in the very type of conduct that Rule 11 was designed to deter and to deter future violations, they should be sanctioned.

Second, while sanctions relative to the fraud claim are fully warranted based only on the above, New York law is clear that the "mere failure of a promisor to perform a promised act does not support an inference that the promisor did not intend to perform at the time the promise was made." (Dkt. No. 22 at 7). Competent counsel accordingly knows that the mere non-performance of an alleged promise cannot support a claim for fraud. Yet, alleged non-performance of the alleged (but factually non-existent) promise was the sole ground for the asserted intent not to perform that Plaintiff pled. (Compl., ¶¶ 50-51.) This presents a further reason why sanctions should be imposed.

9

**Conclusion**

For the foregoing reasons, pursuant to Fed. R. Civ. P. 11(c)(4), Waukesha respectfully requests that this Court issue an order directing that Plaintiff's counsel make payment to Waukesha of its attorney's fees and other expenses resulting from the Rule 11 violations,[3] and for such other relief as the Court deems reasonable and appropriate.

Dated: November 11, 2022
       New York, N.Y.

                        DENTONS US LLP

                        By:   */s/ Anthony B. Ullman*
                              Anthony B. Ullman
                              anthony.ullman@dentons.com

                              1221 Avenue of the Americas
                              New York, NY 10020-1089
                              Telephone: (212) 768-6700
                              Facsimile:  (212) 768-6800

                            *Attorneys for Defendant INNIO Waukesha Gas Engines, Inc.*

---

[3] Upon issuance of such an order, Waukesha respectfully reserves the right to provide this Court with a separate submission detailing its costs and attorney's fees.

10