# EXHIBIT A

大成 DENTONS

Anthony B. Ullman

anthony.ullman@dentons.com
D   +1 212-632-8342

Dentons US LLP
1221 Avenue of the Americas
New York, NY 10020-1089
United States

dentons.com

May 6, 2022

BY U.S. MAIL WITH COURTESY COPY BY E-MAIL

Lijue T. Philip, Esq.
Stradley Ronon Stevens & Young, LLP
100 Park Ave., Ste. 2000
New York, NY 10017

Benjamin E. Gordon, Esq.
Stradley Ronon Stevens & Young, LLP
2005 Market St., Ste. 2600
Philadelphia, PA 19103

Re: *Charles Equipment Energy Systems, LLC v. Innio Waukesha Gas Engines, Inc., et al.*, No. 22-cv-2716-CM

Gentleman:

As you know, this Firm represents Defendant INNIO Waukesha Gas Engines, Inc. ("Waukesha") in the above referenced matter. I write concerning the Complaint, as well as to hereby serve you with formal notice that Waukesha presently intends to file a motion for sanctions pursuant to Fed. R. Civ. P. 11(c) if the Complaint is not withdrawn.

In our view, the claims asserted in the Complaint are not warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law, are not based on factual contentions for which there is evidentiary support and have been filed to harass Waukesha and needlessly increase the cost of the litigation. The reasons we have reached these conclusions to date are stated in the attached Notice of Motion for Sanctions and discussed in further detail below.

**First Cause of Action – Breach of Contract**

This claim is precluded under the applicable statute of limitations.

Fernanda Lopes & Associados ▶ Guevara & Gutierrez ▶ Paz Horowitz Abogados ▶ Sirote ▶ Adepetun Caxton-Martins Agbor & Segun ▶ Davis Brown ▶ East African Law Chambers ▶ Eric Silwamba, Jalasi and Linyama ▶ Durham Jones & Pinegar ▶ LEAD Advogados ▶ Rattagan Macchiavello Arocena ▶ Jiménez de Aréchaga, Viana & Brause ▶ Lee International ▶ Kensington Swan ▶ Bingham Greenebaum ▶ Cohen & Grigsby ▶ Sayarh & Menjra ▶ For more information on the firms that have come together to form Dentons, go to dentons.com/legacyfirms

大成 DENTONS

May 6, 2022
Page 2

dentons.com

Because the claim alleged arises from the sale of goods, the Uniform Commercial Code ("UCC") applies. In New York, the statute of limitations for a breach of contract or warranty for the sale of goods is four years. N.Y. U.C.C. § 2-725(1); *Ito v. Marvin Lumber and Cedar Co.*, 865 N.Y.S. 2d 118, 119 (2d Dep't 2008). The limitations period generally accrues "when tender of delivery is made," with the exception that, if the "warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance," then it accrues when the breach is or should have been discovered. N.Y. U.C.C. § 2-725(2); *Ito*, 865 N.Y.S. 2d at 119.

Here, Charles Equipment Energy Systems, LLC ("Charles") alleges that it purchased the engine parts in question on November 17, 2016 and discovered the alleged failure of these parts on December 12, 2016. (Complaint, ¶ 22). As the alleged warranty was not one of future performance, the statute of limitations for a breach of warranty claim expired on November 17, 2020. Even assuming, *arguendo*, that the alleged warranty were one of future performance (which it was not), the limitations period would have expired on December 12, 2020. Thus, Charles's April 1, 2022 filing of the Complaint was well outside the four-year limitations period and the action is time-barred.

**Second Cause of Action – Violation of the Good Faith and Fair Dealing**

This claim is precluded on at least the following two grounds.

First, it is correct that, under the applicable New York law (*see* Complaint, Ex. A, § 10), there is an obligation of good faith and fair dealing in the parties' performance or enforcement of any contract or duty within the ambit of the UCC. N.Y. U.C.C. § 1-304 (formerly § 1-203). However, a breach of that duty is "merely a breach of the underlying contract," *Fasolino Foods, Inc. v. Banca Nazionale Del Lavoro*, 961 F.2d 1052, 1056 (2d Cir. 1992); *Asesoral Bus. Partners LLC v. Seatech Worldwide Corp.*, 2021 WL 918256, at *7 (S.D.N.Y. March 10, 2021), and "New York law . . . does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pled." *Harris v. Provident Life & Accident Ins. Co.*, 310 F.3d 73, 81 (2d Cir. 2002). When such a claim is asserted, it will be dismissed as redundant. *See, e.g., Asesoral*, 2021 WL 918256, *7; *Orange Transp. Servs., Inc. v. Volvo Group N. Am., LLC*, 450 F. Supp. 3d 311, 323 (W.D.N.Y. 2020); *B & M Linen, Corp. v. Kannegiesser USA, Corp.*, 2013 WL 1142679, *6 (S.D.N.Y. March 19, 2013); *Laish, Ltd. v. Jafora-Tabori, Ltd.*, 2006 WL 270250, *9 (E.D.N.Y. Feb. 1, 2006). As Charles's claim for breach of the implied duty of good faith and fair dealing is based on the same allegations as its breach of contract claim, the former fails as a matter of law.

大成 DENTONS

May 6, 2022
Page 3

dentons.com

Second, because, as set out above, a claim for breach of the implied duty of good faith is nothing more than a claim for breach of contract, the second cause of action is time-barred under N.Y. U.C.C. § 2-725(1) and (2) (*see* discussion of first cause of action).

**Third Cause of Action – Fraud**

The elements of a claim for fraud are: (1) a material misrepresentation or omission of fact; (2) made by defendant with knowledge of its falsity; (3) with intent to defraud; (4) that plaintiff reasonably relied on; (5) and suffered damages as a result. *Meda AB v. 3M Co.*, 969 F. Supp. 2d 360, 385 (S.D.N.Y. 2013) (quoting *Crigger v. Fanestock & Co.*, 443 F.3d 230, 234 (2d Cir. 2006)).

As you are of course aware, under Federal pleading standards, a complaint must allege facts that are sufficient to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[L]abels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id.* To state a claim that is plausible on its face, the factual assertions must "nudge[ the plaintiff's] claims across the line from conceivable to plausible," *Twombly*, 550 U.S. at 570, and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Where the well-pled facts support no more than "the mere possibility of misconduct" and are also compatible with lawful conduct, the complaint must be dismissed. *Id.* at 679-80. Also, "[i]f a document relied on in the complaint contradicts allegations in the complaint, the document, not the allegations, control, and the court need not accept the allegations in the complaint as true." *TufAmerica, Inc. v. Diamond*, 968 F. Supp. 2d 588, 592 (S.D.N.Y. 2013).

Moreover, Fed. R. Civ. P. 9(b) requires that "[i]n alleging fraud . . . , a party must state with particularity the circumstances constituting fraud . . . ," which includes specific explanation as to why the statements are fraudulent. *Harsco Corp. v. Segui*, 91 F.3d 37, 347 (2d Cir. 1996); *Kaye Dentistry, PLCC v. Turchin*, 2014 WL 2649976, at *5 (S.D.N.Y. June 13, 2014) (same). Likewise, a plaintiff must "allege facts that give rise to a strong inference of fraudulent intent." *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290 (2d Cir. 2006).

The Complaint falls far short of the above standards, for reasons that include the following:

1. As best we can tell, the alleged fraud is that (a) Mr. Rothman "noted that Waukesha could analyze the Parts in a lab as part of a further investigation in the Claim" (Complaint ¶ 48)

but (b) "Waukesha never followed through, despite follow up" (*id.*, ¶ 50). From that, the Complaint concludes that "Waukesha never intended to follow through and its representations were false. (*Id.*, ¶ 51.) However, the law[1] is clear that the mere failure of a promisor to perform a promised act does not support an inference that the promisor did not intend to perform at the time the promise was made. *See, e.g., Century Pac., Inc. v. Hilton Hotels Corp.*, 528 F. Supp. 2d 206, 224–25 (S.D.N.Y. 2007) ("mere failure to perform a previous promise is alone insufficient, as a matter of law, to raise an inference of intent to defraud") (citing *Compania Sud-Americana de Vapores, S.A. v. IBJ Schroder Bank & Tr. Co.*, 785 F. Supp. 411, 421 (S.D.N.Y. 1992)).[2]

2. In fact, the email from Mr. Rothman attached as Exhibit D to the Complaint, in which the allegedly fraudulent representation was made, states only that "[i]f all the parts are available to do the investigation we can look at our lead times in our materials lab and see when we could fit it in." At best, this could potentially be construed as a promise by Mr. Rothman to look to see when a further investigation could be fit into the calendar, not that a further investigation would actually be done. That is particularly so since the warranty claim had already been denied, as Mr. Rothman noted in his email.

3. Further to point 1 above, whether the alleged promise is taken as a promise to investigate or a promise to see when a further investigation could be scheduled, the allegation in ¶ 63 of the Complaint that, at the time of the alleged misrepresentation, there was no intent to perform is a mere recitation, in wholly conclusory form, of a legal element of a claim for fraud, which is legally insufficient *See, e.g., Baril v. JPMorgan Chase Bank, N.A.*, 2014 WL 6684055, at *3-4 (S.D.N.Y. Nov. 25, 2015) (dismissing fraudulent inducement claim predicated only on

---

[1] We refer herein to the law of New York, which is the law of the forum state. However, the law of Illinois as relates to fraud is not materially different.

[2] While we do not understand the Complaint to aver that the statement allegedly made by Mr. Rothman as constituting a statement that Waukesha could do a further investigation as part of the alleged contractual warranty obligations, if that is how the averment was intended the result would be no different, as the bare assertion of a false intent to perform under a contract does not give rise to claim in fraud. *Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc.*, 98 F.3d 13, 19 (2d Cir. 1996) ("[I]intentionally-false statements by Beladino indicating his intent to perform under the contract … [are] not sufficient to support a claim of fraud"); *Qube Films Ltd. v. Padell*, 2016 WL 881128, at *3 (S.D.N.Y. Mar. 1, 2016) ("A fraud claim should be dismissed … when the only fraud alleged is that the defendant was not sincere when it promised to perform under the contract"); *Cranston Print Works Co. v. Brockmann Int'l. A.G.*, 521 F. Supp. 609, 614 (S.D.N.Y. 1981) (allegation that "a contracting party never intended to fulfill his promise" does not state actionable claim for fraud); *Gorman v. Fowkes*, 949 N.Y.S.2d 96, 97 (2d Dep't 2012) ("[a] mere misrepresentation of an intent to perform under the contract is insufficient to sustain a cause of action to recover damages for fraud").

"conclusory allegations"); *Kaye Dentistry, PLLC*, 2014 WL 2649976, at *5 (same; pleading "includes no factual allegations giving rise to an inference of fraudulent intent").

And, there are equally if not more plausible possibilities that are compatible with lawful conduct, including that (a) all the Parts were not available or, if they were, Charles failed to provide them,[3] (b) Charles never provided "main caps, block and crank journal" or "information on the rebuild such as engine alignment, journal dimensions, plasti-gauge of the bearings and any other rebuild details that were checked or done to these parts" that Mr. Rothman said in his email he would need,[4] (c) Mr. Rothman forgot or changed his mind and (d) it turned out that there was no room in the schedule for any potential work relating to Charles.

4. The allegations that Waukesha "intend [sic] to deceive" Charles and "intended to induce Charles to rely" (Complaint, ¶¶ 64, 65) likewise are wholly conclusory and unsupported by any factual allegations plausibly supporting an inference that Mr. Rothman had either of the intentions alleged.

5. Along similar lines, the Complaint fails to plead how Charles reasonably relied on the alleged representation. To do so, the Complaint must show a belief in the truth of the representation and a change of position in reliance on that belief to Charles's detriment. *See Passiglia v. Northwell Health, Inc.*, 252 F. Supp. 3d 129, 138 (E.D.N.Y. 2017) (finding that a plaintiff failed to show reliance where her complaint did not show that she "did anything, or refrained from doing something, in reliance thereupon, to her detriment"); *SRM Global Master Fund Ltd P'ship v. Bear Stearns Cos. L.L.C.*, 829 F.3d 173, 177–78 (2d Cir. 2016) (affirming dismissal of the plaintiff's common law fraud claims absent any allegations that plaintiff changed its position in reliance defendants' alleged misrepresentations). The bald, conclusory allegation that Charles "did, in fact, rely" on the alleged representation is, again, legally insufficient.

---

[3] As noted above, Mr. Rothman conditioned his statement on all the parts being available. Charles alleges only that it had saved the Parts, not that it had provided all of them to Mr. Rothman. (Complaint, ¶ 49).

[4] There is no allegation that Charles provided the main caps, block and crank journal to Mr. Rothman. As to the information that Mr. Rothman said he would need, the Complaint alleges that Charles "had provided all relevant information to Waukesha, **or** stood ready to provide that information." (Complaint, ¶ 49; emphasis added.) Standing ready to provide, however, is not the same as providing, and there is no allegation that Charles in fact provided all the information referred to in text.

大成 DENTONS

May 6, 2022
Page 6

dentons.com

6. Charles fails to make any non-conclusory allegations of damages. While the Complaint alleges damages on the fraud claim of $100,000 (Complaint, ¶ 67), there is no explanation of what those alleged damages might be. They obviously cannot be for the alleged cost of the alleged repairs (*see* Complaint, ¶ 32), as those repairs were allegedly made prior to the alleged misrepresentation. Further, any claim for damages based on the alleged fraud would necessarily assume, *inter alia*, that the Parts would have been shown to have in fact been defective and that, in light of such showing, the rejection of the warranty claim would have been rescinded—all of which is wholly speculative.

* * *

Accordingly, we demand that you voluntarily withdraw the Complaint. While we do not make threats of sanctions lightly, if we are required to file a motion to dismiss the Complaint, Waukesha presently intends move under Rule 11 for sanctions against you, your firm and/or your client and for the costs, including attorney's fees, of that motion. We would appreciate receiving your response, if any, to this letter as soon as possible.

Sincerely,

/s/ Anthony B. Ullman

Anthony B. Ullman

Encl: Notice of Rule 11 Motion

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHARLES EQUIPMENT ENERGY SYSTEMS, LLC,<br><br>                              Plaintiff,<br><br>v.<br><br>INNIO WAUKESHA GAS ENGINES, INC. and DRESSER, INC., a wholly owned subsidiary of General Electric Company d/b/a Waukesha,<br><br>                              Defendant. | Case No. 1:22-cv-02716-CM<br><br>**NOTICE OF MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11** |

**PLEASE TAKE NOTICE** that the undersigned attorney for Defendant INNIO Waukesha Gas Engines, Inc. ("INNIO") herein will move this Court, before the Honorable Colleen McMahon, United States District Judge, Southern District of New York, at the United States Courthouse, 500 Pearl Street, New York, New York 10007, at a date and time to be determine by the Court for an order granting INNIO's Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 and imposing sanctions against Plaintiff Charles Equipment Energy Systems, LLC and/or counsel for Plaintiff.

This Motion will be based on the Declaration of Anthony B. Ullman, and the exhibits thereto, the memorandum of law, and all prior pleadings and proceedings herein.

This Motion is based on the fact that the claims in the Complaint are not warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law, are not based on factual contentions for which there is evidentiary support and have been filed to harass INNIO and needlessly increase the cost of litigation. In particular:

1

1. The First and Second Causes of Action are time-barred pursuant to N.Y. U.C.C. § 2-725;

2. The Second Cause of Action fails to state a claim for breach of the duty of good faith and fair dealing; and

3. The Third Cause of Action fails to state a claim for fraud.

Dated: May 6, 2022
      New York, N.Y.

                              DENTONS US LLP

                          By:   */s/ Anthony B. Ullman*
                                   Anthony B. Ullman
                                   anthony.ullman@dentons.com

                                   1221 Avenue of the Americas
                                   New York, NY  10020-1089
                                   Telephone:  (212) 768-6700
                                   Facsimile:   (212) 768-6800

                                   *Attorney for Defendant INNIO Waukesha Gas Engines, Inc.*