UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾x

CHARLES EQUIPMENT ENERGY SYSTEMS, LLC,

              Plaintiff,

No. 22-CV-02716-CM

v.

INNIO WAUKESHA GAS ENGINES, INC. and
DRESSER, INC. a wholly owned subsidiary of
General Electric Company d/b/a Waukesha

              Defendants.

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾x

**MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO
DISMISS AND DENYING MOTION FOR LEAVE TO AMEND
(Amended Decision)**

McMahon, J.:

Charles Equipment Energy Systems, LLC ("Plaintiff" or "Charles") purchased engine
parts manufactured by Waukesha. (Dkt. No. 22, at 2). Waukesha is a brand name of a
manufacturer of engines and engine parts. (Dkt. No. 3 ("Compl."), ¶7). Defendant Dresser, Inc.
owned Waukesha until it sold the brand to Defendant INNIO in November, 2018 (collectively
referred to as "Defendants" or "Waukesha"). (*Id.* at ¶¶9-12).

The Waukesha parts sold to Plaintiff were covered by a warranty. (*Id.* at ¶18). After
Plaintiff installed the parts in an engine, the engine promptly failed. (*Id.* at ¶¶20-23). Plaintiff
filed a warranty claim, which Defendants denied. (*Id.* at ¶¶34-36). Plaintiff alleges the denial was
without reason. (*Id.* at ¶¶ 38-45). Plaintiff further alleges that Waukesha represented that it would
further investigate the claim, but it did not do so. (*Id.* at ¶¶48-51).

1

Plaintiff alleges that, by denying the warranty claim without reason, Defendants committed a breach of contract (Count I) and violated its duty of good faith and fair dealing under New York law (Count II). Further, Plaintiff alleges that Defendants, by representing that it would investigate further but failing to do so, committed fraud (Count III). Plaintiff seeks approximately one hundred thousand dollars in damages. (*Id.* at ¶67).

Defendants each filed a motion to dismiss all three counts for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 15; Dkt. No. 21). The motions are opposed. (Dkt. No. 25).

For the reasons that follow, Defendants' motion to dismiss is GRANTED.

## BACKGROUND

### A.   Parties

Plaintiff is an Illinois company that specializes in the design, procurement, and installation of complete power-generation systems. (Compl., ¶4-5). Its principal place of business is in Illinois. (*Id.* at ¶5).

Defendant Dresser, Inc., a Delaware corporation, is a subsidiary of the General Electric Company, a New York corporation. (*Id.* at ¶¶8, 10). Dresser, Inc. acquired the Waukesha brand in the 1970s. (*Id.* at ¶9).

Defendant INNIO Waukesha Gas Engines, Inc. is a Delaware corporation with its principal place of business in Wisconsin. (*Id.* at ¶11). INNIO acquired the Waukesha brand in November, 2018. (*Id.* at ¶12).

### B.   Facts

Plaintiff received a project from a manufacturing company to repair its power-generation infrastructure, including an engine. (*Id.* at ¶¶15-16). As part of the project, Plaintiff ordered

engine parts from Waukesha on November 17, 2016. (*Id.* at ¶17). The order went through a third-party distributor, Kraft Power Corporation ("Kraft"). (*Id.* at ¶19). The parts were covered by a warranty. (*Id.* at ¶18).

Plaintiff installed the Waukesha parts into an engine, and started the engine on December 12, 2016. (*Id.* at ¶¶20, 22). The engine promptly failed, and Plaintiff determined that the source of the failure was the Waukesha parts. (*Id.* at ¶¶23-24). As a result, on December 18, 2017, Kraft submitted a claim under the warranty on Plaintiff's behalf. (*Id.* at ¶34).

On January 11, 2018, Waukesha denied the warranty claim, alleging that it was filed 36 weeks late and did not include invoices from the original purchase. (*Id.* at ¶¶35-36). Plaintiff denies that either allegation was true. (*Id.* at ¶¶38-45). Plaintiff was never reimbursed; it claims about one hundred thousand dollars in damages. (*Id.* at ¶45).

Kraft continued to communicate with representatives from Waukesha regarding the warranty claim, resulting in an email from Waukesha on June 26, 2018. (*Id.* at ¶46). In the email, a Waukesha employee stated that, by looking at the parts and information about the engine, Waukesha could analyze the parts to further investigate the warranty claim. (*Id.* at ¶48). The email stated that, if the parts were available, Waukesha would look and see when it could fit an investigation into its schedule. (*Id.*). Plaintiff claims it saved the parts and provided all relevant information to Waukesha--or at least "stood ready" to provide the information--but Waukesha never followed through, despite Plaintiff's attempting to follow up. (*Id.* at ¶¶49-50). Plaintiff alleges that Waukesha never intended to respond or investigate further, and was intentionally deceiving Plaintiff. (*Id.* at ¶¶51, 64).

3

## C.    Procedural Posture

Plaintiff filed this lawsuit on April 4, 2022.[1] Plaintiff's complaint alleges the exact same claims against both Defendants.

Both Defendants moved to dismiss the complaint for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 15; Dkt. No. 21). Defendants contend that the breach of contract claim and violation of the duty of good faith and fair dealing claims are time barred. (Dkt. No. 16, at 4-6). Alternatively, Defendants claim the violation of the duty of good faith and fair dealing claim should be dismissed as redundant under New York law. (*Id.* at 5). Finally, Defendants allege that the facts alleged in the complaint are overly conclusive and insufficient to establish a claim for fraud. (*Id.* at 6-11).[2]

### LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." In assessing a Rule 12(b)(6) motion to dismiss, the Court is required to accept all material facts alleged in a complaint as true, and to draw all reasonable inferences from its allegations in the plaintiff's favor. *Wharton v. Duke Realty, LLP*, 467 F. Supp. 2d 381, 386-87 (S.D.N.Y. 2006). The court is, however, limited to the facts stated in the complaint or in documents attached to the complaint. *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991).

"To survive a motion to dismiss under Rule 12(b)(6) . . . a complaint must contain sufficient factual matter accepted as true, to state a claim to relief that is plausible on its face."

---

[1] The case does not appear to have anything to do with New York, but the contract at issue states: "if the Owner's pertinent place of business is in the U.S., legal action shall be commenced in federal court with jurisdiction applicable to, or state court located in New York County, New York. . ." (Dkt. No. 3-1, at 8).

[2] Defendants' memoranda in favor of their motions to dismiss are word for word copies. Thus, when this opinion cites to Dkt. No. 16, there is an identical reference on the same page of Dkt. No. 22.

*Mabry v. Neighborhood Def. Serv.*, 769 F. Supp.2d 381, 389 (S.D.N.Y. 2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 at 678.

In deciding a motion to dismiss pursuant to Rule 12(b)(6), "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 664. A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 677-78 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A plaintiff's obligation . . . requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Unless the well-pleaded allegations have "nudged [plaintiff's] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* at 570.

## DISCUSSION

### I. Defendant INNIO Waukesha Gas Engine, Inc.'s Motion to Dismiss is Granted.

#### A.    Plaintiff's Breach of Contract Claim is Time Barred.

Plaintiff alleges a breach of contract claim, arising from Waukesha's warranty. (Compl., ¶¶52-55). The warranty is governed by New York law (Dkt. No. 3-1, at 7-8), so the statute of limitations for bringing a breach of warranty claim comes from the New York Uniform Commercial Code ("UCC") § 2-725, which applies to breaches of contracts for sale. The UCC establishes a four-year statute of limitations, and states that a cause of action for a breach of warranty occurs when the delivery of the product in question is made, or, if the warranty extends to future performance, when the breach is or should have been discovered. N.Y. U.C.C. § 2-

5

725(1)-(2). The parts in question were delivered on November 17, 2016, and the complaint affirmatively alleges that Plaintiff became aware of the parts' failure on December 12, 2016. (Compl., ¶¶17, 22). Thus, in the ordinary course, the statute of limitations for a breach of contract claim from the warranty would have expired, at latest, on December 12, 2020, as Defendant argues.

Plaintiff does not contest that the claim accrued, at latest, in December 2016 and that the statute was four years.[3] The present lawsuit was not filed until April of 2022. (Compl., at 8).

The complication – which no party seems to have noticed, because it was never mentioned by anyone[4] – is that, during the pandemic, Governor Cuomo issued Executive Order 202.8, which tolled the statute of limitations for all claims arising under New York law for a period of 228 days. This means that the limitations period was actually four years and 228 days, and that it expired on July 28, 2021 – still more than eight months before this lawsuit was filed.

Plaintiff does not contest that the statute of limitations would normally have expired on its breach of contract claim, instead arguing that the doctrine of equitable estoppel prevents the expiration of the statute of limitations. (Dkt. No. 25, at 3-4). Plaintiff is wrong.

Equitable estoppel precludes a defendant from relying on the statute of limitations where the defendant's wrongdoing caused the delay in the commencement of the action. *Huss v. Rucci Oil Co.*, 68 N.Y.S.3d 298, 301 (N.Y. App. Div. 2017). There are three elements a plaintiff seeking to apply the doctrine of equitable estoppel must prove: "'(1) wrongful concealment by the defendant, (2) which prevented the plaintiff's discovery of the nature of the claim within the

---

[3] Because a cause of action for breach of warranty accrues when tender of delivery is made, unless the warranty explicitly extends to future performance of the goods, Defendant takes the position that the claim accrued on the date the part was delivered – November 17, 2016. No party contends that it accrued after the date when the engine failed, in December 2016.

[4] I overlooked it as well.

6

limitations period, and (3) due diligence in pursuing discovery of the claim.'" *Stat. Phone Philly v. NYNEX Corp.*, 116 F. Supp. 2d 468, 482 (S.D.N.Y. 2000) (quoting *Butala v. Agashiwala*, 916 F. Supp. 314, 319 (S.D.N.Y. 1996)). "Under this doctrine, the statute [of limitations] does not begin to run until 'the plaintiff either acquires actual knowledge *of the facts that comprise his cause of action* or should have acquired such knowledge through the exercise of reasonable diligence after being apprised of sufficient facts to put him on notice.'" *Cerbone v. Int'l Ladies' Garment Workers' Union*, 768 F.2d 45, 48 (2d Cir. 1985) (emphasis added). "When deciding whether to toll the running of the statute of limitations, the issue is not whether Plaintiff was in possession of all of the information necessary to prevail on his claims, but whether plaintiff had enough information to commence a lawsuit." *Statler v. Dell, Inc.*, 775 F. Supp. 2d 474, 483 (E.D.N.Y. 2011).

Plaintiff contests that its correspondence with Waukesha constituted negotiations and caused Plaintiff to refrain from filing a lawsuit. (Dkt. No. 25, at 4). However, Plaintiff pleads to no wrongful concealment by Waukesha that prevented Plaintiff from discovering the nature of the claim, as required to make out an equitable estoppel claim. In fact, Plaintiff was fully aware of its claim; otherwise it could not have been negotiating about the claim. There is simply no basis to claim an estoppel here.

Plaintiff argues that it refrained from suing because Waukesha said it would investigate the breach of warranty claim further. (*see* Compl., ¶51); (Dkt. No. 25, at 4). But Defendant allegedly made the offer in 2018, two years before the limitation period ran. (Compl., ¶46). An offer to investigate does not toll the statute of limitations, and a plaintiff cannot wait in hope of an amicable resolution while the limitations period runs. Nothing in the 2018 email suggests that Waukesha was concealing the nature of the claim from Plaintiff, (Dkt. No. 3-4); in fact, Mike

Biehl, an employee of Plaintiff, asked his counterpart at Kraft "Chris – should I be contacting our lawyers?" on January 11, 2018. (Dkt No. 3-4, at 3). A plaintiff that is aware of a claim but that opts not to pursue it is not entitled to rely on equitable estoppel.

### B.    Plaintiff's Claim for Violation of the Duty of Good Faith and Fair Dealing is Also Time Barred.

Plaintiff claims that the denial of its warranty claim was a violation of the duty of good faith and fair dealing each party to a contract owes the other under New York law. (Compl., ¶¶57-59).

N.Y. U.C.C. § 1-304 states that "[e]very contract or duty within this act imposes an obligation of good faith in its performance and enforcement." However, a breach of the duty of good faith and fair dealing is considered a breach of the underlying contract itself. *Kermanshah v. Kermanshah*, 580 F. Supp. 2d 247, 271-72 (S.D.N.Y. 2008); *Fasolino Foods, Inc. v. Banca Nazionale Del Lavoro*, 961 F.2d 1052, 1056 (2d Cir. 1992). As such, the statute of limitations is four years. *See* N.Y. U.C.C. § 2-725. For the reasons explained above, the statute ran in 2021 and was not equitably tolled.

### C.    Plaintiff Fails to State a Claim for Fraud.

"Under New York law, the five elements of a fraud claim must be shown by clear and convincing evidence: (1) a material misrepresentation or omission of fact (2) made by defendant with knowledge of its falsity (3) and intent to defraud; (4) reasonable reliance on the part of the plaintiff; and (5) resulting damage to the plaintiff." *Crigger v. Fahnestock & Co., Inc.*, 443 F.3d 230, 234 (2d Cir. 2006). Further, under Rule 9(b) of the Federal Rules of Civil Procedure, "a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." To meet this requirement, a "'complaint must: (1) specify the statements that the plaintiff contends were

fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.'" *Acito v. IMCERA Group, Inc.*, 47 F.3d 47, 51 (2d Cir. 1995) (quoting *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993)). Finally, "plaintiffs must allege facts that give rise to a strong inference of fraudulent intent." *Id.* at 52. "The requisite 'strong inference' of fraud may be established either (a) by alleging facts to show that defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness." *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994).

The complaint specifies the allegedly fraudulent misrepresentation of fact as Waukesha's alleged promise to investigate the situation further. (Compl., ¶¶46-51). However, the facts pleaded in the complaint do not establish that there was a promise at all. Waukesha never made any guarantee that it would do anything in response to Plaintiff's inquiry. The email at issue said "If all the parts are available to do the investigation [Defendant] can look at our lead times in our materials lab and see when we could fit it in." (*Id.*, ¶48). This is a conditional statement that does not promise to do anything at all. Defendant merely stated that *if* the parts were available then Defendant would see *if* it had time to investigate. There was no promise that such an investigation would actually take place, so the complaint does not demonstrate that Defendant engaged in any material misrepresentation or omission of fact.

Furthermore, Plaintiff's complaint is deficient when it attempts to plead that Plaintiff reasonably relied on Waukesha's statement about further investigation. (*Id.*, ¶¶66-67). Plaintiff does not plead any facts that indicate how it actually relied on the statement whatsoever. (*Id.*). In fact, the complaint makes clear that Plaintiff did not rely on Defendant's email. Plaintiff pleads that it "saved the Parts and had provided all relevant information to Waukesha, or stood ready to

9

provide that information." (*Id.*, ¶49). Thus, Plaintiff does not plead that it ever told Waukesha it had the parts or that it responded to the email by saying "when should we ship?" In fact, Plaintiff does not plead that it responded to the email at all, just that there was "follow up," without specifying what that follow up was. (*Id.*, ¶50). On the facts pleaded, the ball was in Plaintiff's court, and Plaintiff did not take action to rely on the perceived promise.

Even if Plaintiff were justified in waiting for Waukesha to set a date of shipment, it could "reasonably" have waited only so long. Instead, Plaintiff sat on its claim for over three years after the email correspondence, neither shipping the parts nor engaging in further communication beyond vague "follow up." (Compl., ¶50). That is not reasonable behavior.

## D. Plaintiff's Motion for Leave to Amend Its Complaint is Futile.

Plaintiff requests the opportunity to amend its complaint to cure its technical failings. Fed. R. Civ. P. 15(a) states that "[t]he court should freely give leave [to amend] when justice so requires." Under this liberal standard, leave is generally given as long as (1) the party seeking the amendment has not unduly delayed, (2) that party is not acting in bad faith or with a dilatory motive, (3) the opposing party will not be unduly prejudiced by the amendment, and (4) the amendment is not futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Waukesha contests that an amendment here would be futile since Plaintiff has not specified how the amendment would cure the deficiencies in the complaint. (Dkt. No. 27, at 10). "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012). In assessing whether the proposed complaint states a claim, we accept as true all non-conclusory

10

factual allegations in the complaint and proposed amendments, and draw all reasonable inferences in Plaintiff's favor. *Id.*

It would be futile to allow Plaintiff to amend its complaint. Plaintiff's claims for breach of contract and violation of the duty of good faith and fair dealing are time barred, and cannot be resurrected by an amended complaint.

Plaintiff's fraud claim is fatally flawed since its complaint does not allege a material misrepresentation. Further, since Plaintiff waited over three years after it received the email before bringing suit, its reliance was not reasonable. No amended pleading can cure those flaws.

**II. Defendant Dresser, Inc.'s Motion to Dismiss is Granted.**

For the same reasons, Plaintiff's complaint against Dresser is dismissed. Plaintiff's claims for breach of contract and violation of the duty of good faith and fair dealing are time barred. (*See supra* at page 6-8). The complaint is insufficient to plead fraud, and allowing Plaintiff to amend its complaint would be futile. (*See supra* at page 7-11).

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED. The complaint is dismissed in its entirety.

This constitutes the decision and order of the court. This is a written decision.

Dated: March 3, 2023

U.S.D.J.

BY ECF TO ALL COUNSEL

11